**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LOUIS JAMES WELCH,** | : |
|    **Plaintiff,** | : |
| vs. | :    **CIVIL ACTION 06-0072-KD-C** |
| **SHERIFF JACK DAY, et al.,** | : |
|    **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis* (Doc. 3), filed this § 1983 action. This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for plaintiff's failure to prosecute and to obey the Court's order (Doc. 6).

A prisoner is obligated to pay the $250.00 filing fee for filing a § 1983 action while he is incarcerated. *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1). While plaintiff was incarcerated, he paid a $7.66 partial filing fee (Doc. 4). However, when plaintiff notified the Court of a change in his address (Doc. 5), the Court observed that plaintiff's new address indicated that plaintiff was no longer incarcerated. Because plaintiff is still obligated to pay the remainder of the filing fee, *Gay*, 117 F.3d at 242, the Court ordered plaintiff by December 7, 2006 to pay the remainder of the filing fee, $242.34, or to file a new motion to proceed without prepayment of fees so the Court could determine a payment schedule for paying the remainder of the filing fee. Plaintiff was warned that his failure to comply with the Court's order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's order. Plaintiff's copy of the Court's order has not been returned to the Court,

nor has the Court, to date, heard from plaintiff since the order was entered.

Due to plaintiff's failure to comply with the Court's order of November 14, 2006 (Doc. 6), the undersigned concludes that plaintiff has abandoned the prosecution of his action. Upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir. 1980).[1] *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (finding that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (ruling that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied,* 510 U.S. 863 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 31st    day of January, 2007.

                                                           s/WILLIAM E. CASSADY
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND**

# RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE